UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CRIMINAL NO. 3:14-CR-0384-B-1 |
| | § |
| MARION KEITH PRUITT, | § |
| | § |
| Defendant. | § |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Marion Pruitt's motion for compassionate release (Doc. 42). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

### I.

### BACKGROUND

On May 18, 2015, the Court sentenced Pruitt to 170 months of imprisonment and three years of supervised release after he pleaded guilty to bank robbery. Doc. 31, J., 1–3. Pruitt is currently fifty-eight years old and is confined at Leavenworth United States Penitentiary (USP) with a statutory release date of November 10, 2026.[1] As of April 1, 2021, Leavenworth USP has two active cases and 874 recovered cases of COVID-19 among its inmates.[2] Pruitt filed a motion for compassionate release (Doc. 42) on November 30, 2020. By an electronic order (Doc. 43) dated

---

[1] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop.gov/inmateloc/ (last accessed April 1, 2021).

[2] The BOP's COVID-19 statistics are available at https://www.bop.gov/coronavirus/ (last accessed April 1, 2021).

-1-

December 3, 2020, the Court ordered the Government to respond to Pruitt's motion and to provide Pruitt's medical records. After some confusion regarding the identity of the Government's attorney assigned to this case, the Government filed its response (Doc. 49) in opposition to Pruitt's motion and provided Pruitt's medical records. The Court reviews Pruitt's motion and the Government's response below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

As explained below, Pruitt's request for compassionate release fails because he has not demonstrated extraordinary and compelling reasons for a sentence reduction and because the § 3553(a) factors weigh against his release.

A.   *Pruitt Exhausted His Administrative Remedies.*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after

the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[3]

Although Pruitt claims that he has "ha[s] fully exhausted all administration [sic] rights to appeal," Doc. 42, Def.'s Mot., 1, he attaches no evidence of such exhaustion. However, in its response, the Government concedes that "Pruitt properly exhausted his administrative remedies with the warden of [Leavenworth USP] before filing his motion with this Court." Doc. 49, Gov't's Resp., 2. Ordinarily, the Court requires a defendant to provide proof of compliance with the exhaustion requirement before granting a motion for compassionate release. *E.g., United States v. Broadus*, 2020 WL 4784686, at *2 (N.D. Tex. Aug. 18, 2020). However, in light of the Government's concession, the Court finds that Pruitt has satisfied the exhaustion requirement. Thus, the Court turns to the merits of his compassionate-release motion.

B.   *Pruitt Has Not Shown Extraordinary and Compelling Reasons for Compassionate Release.*

Even though Pruitt has exhausted his administrative remedies, he has not shown "extraordinary and compelling reasons" justifying a sentence reduction. *See* § 3582(c)(1)(A)(i). The policy statement applicable here—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, —F. Supp. 3d—, 2020 WL 1540325, at *1 (S.D. Tex. 2020) (citing § 1B1.13(1)(A) cmt. n.1). These include the

---

[3] The Court has clarified its interpretation of the thirty-day prong of the exhaustion requirement. *See United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concludes that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) cmt. n.1.[4] In particular, extraordinary and compelling circumstances may exist if the defendant "suffer[s] from a serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." *Id.*

Since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is not binding. *See United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020); *United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019).[5] These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11).

The Court does the same here. Pruitt asserts that compassionate release is warranted because he "suffer[s] from diabetes, high blood pressure, and kidney failure." Doc. 42, Def.'s Mot., 1. He also argues that "C[OVID]-19 and the inability to adequately protect [oneself] from the spread of the virus in a[n] overcrowded facility is an extraordinary and compelling reason to release inmates[.]" *Id.* "[T]he spread of coronavirus[,]" Pruitt suggests, "presents extraordinary and unprecedented

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with" the three circumstances set forth above, "[a]s determined by the Director of the [BOP]." § 1B1.13 cmt. n.1(D). Additionally, to qualify for a sentence reduction, the defendant must not pose a danger to the community. § 1B1.13(2).

[5] Additionally, the Fifth Circuit recently noted that the commentary of § 1B1.13 is "not dispositive" but "guid[ing]." *United States v. Rivas*, —F. App'x—, 2020 WL 6437288, at *2 (5th Cir. 2020) (per curiam).

threats to incarcerated individuals with underlying medical conditions like" his own. *Id.* For the reasons that follow, Pruitt fails to demonstrate extraordinary and compelling reasons warranting compassionate release.

Although Pruitt's medical records show that he suffers from diabetes, hypertension, and chronic kidney disease, *see* Doc. 50-1, Gov't's Sealed App., 39, his diagnoses do not, in and of themselves, amount to extraordinary and compelling reasons for his release. While the Court does not discount the severity of his medical conditions, Pruitt does not adequately explain how any of his conditions "substantially diminish[] [his] ability . . . to provide self-care" while he is incarcerated. *See* § 1B1.13(1)(A) cmt. n.1. As his extensive medical records show, Pruitt regularly receives medication, treatment, and medical attention to manage his conditions. *See* Doc. 50-1, Gov't's Sealed App., 38–402.

And while Pruitt's medical conditions may make him more susceptible to a severe illness should he contract COVID-19, this does not constitute an extraordinary and compelling reason warranting release for two primary reasons. First, as Pruitt points out, he has already contracted COVID-19 while incarcerated. Doc. 42, Def.'s Mot., 1. But Pruitt does not claim to have suffered serious symptoms or that he felt that his conditions rendered him unable to care for himself while infected with COVID-19. *See generally id.* Second, as the Government points out, Pruitt "was offered to be administered the Moderna COVID-19 vaccine" on January 22, 2021, but refused. Doc. 49, Gov't's Resp., 3. The Court agrees with the Government that "Pruitt cannot refuse the vaccine to prevent against COVID-19 on the one hand and then argue for compassionate release because he faces an increased risk of severe illness or death should he contract COVID-19 on the other hand." *Id.* at 4; *see, e.g.*, Order, *United States v. Walker*, No. 3:15-CR-170-N (N.D. Tex. Feb. 9, 2021), ECF

No. 154, at 5 ("Like many other federal courts, this Court is not inclined to find compelling circumstances for reducing [the defendant]'s sentence based on COVID-19 concerns when he has declined to take available precautions against infection.").

And the Court disagrees with Pruitt's generalized argument that the spread of COVID-19 within Leavenworth USP is, itself, "an extraordinary and compelling reason to release inmates[.]" Doc. 42, Def.'s Mot., 1. While the Court recognizes the unprecedented nature of COVID-19 and the outbreak of the virus in federal prisons across the country, generalized concerns about the spread of COVID-19 within a facility do not give rise to extraordinary and compelling reasons for release. "[T]he Court must consider every prisoner individually and should be cautious about making blanket pronouncements" about, for example, the propriety of incarceration for all inmates at Leavenworth USP. *United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020); *see United States v. Vargas*, 2020 WL 4530429, at *3 (N.D. Tex. Aug. 6, 2020). Therefore, the Court considers this circumstance as it specifically concerns Pruitt. As previously discussed, Pruitt has not shown that he is physically unstable or otherwise is unable to adequately care for himself while incarcerated at Leavenworth USP. And the mere presence of COVID-19 at the facility is not an extraordinary and compelling reason for compassionate release. Because Pruitt fails to demonstrate extraordinary and compelling reasons for release, the Court **DENIES** his motion **WITHOUT PREJUDICE**.

C.     *The Section 3553(a) Factors Weigh Against Release.*

Finally, even if Pruitt demonstrated extraordinary and compelling reasons warranting his release, the Court must consider the sentencing factors set forth in § 3553(a) to the extent they are applicable. *See* § 3582(c)(1)(A). And the Court is not persuaded that these factors support Pruitt's request.

Section 3553(a) requires the Court to consider, among other things, whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense[.]" § 3553(a)(2)(A). Pruitt pleaded guilty to bank robbery. Doc. 31, J., 1. In Pruitt's case, the Court found 170 months of imprisonment appropriate to serve the goals of § 3553(a), Doc. 470, J., 2, noting at the sentencing hearing that Pruitt's crime is "one of the more serious offenses that comes before the Court[.]" Doc. 38, Sentencing Tr., 23:22–23. And with a statutory release date of November 10, 2026, a significant portion of Pruitt's sentence remains to be served. In this case, compassionate release would not "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment for the offense[.]" § 3553(a)(2)(A); *see also United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021) (noting that compassionate release is generally granted only "for defendants who had already served the lion's share of their sentences"). The § 3553(a) factors thus weigh against Pruitt's release. This is an independent justification for denying his motion.

## IV.

## CONCLUSION

Pruitt's request for compassionate release fails because he has not demonstrated extraordinary and compelling reasons for compassionate release, and the § 3553(a) factors weigh against his release. For those reasons, the Court **DENIES** Pruitt's motion (Doc. 42) **WITHOUT PREJUDICE**.

By denying Pruitt's motion without prejudice, the Court permits Pruitt to file a subsequent motion for compassionate release in the event he demonstrates a change in circumstances rising to the level of extraordinary and compelling, satisfies the exhaustion requirement with respect to those circumstances, and shows that the § 3553(a) factors support his release.

SO ORDERED.

SIGNED: April 1, 2021.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE